IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ARIEL ALEJANDRO NUNEZ MORA,

      Petitioner,

v.                                      Civ. No. 26-0460-KG-DLM

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

      Respondents,[1]

<u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Petitioner Ariel Alejandro Nunez Mora's *pro se*

Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1) (Petition).  Petitioner

challenges his immigration detention and seeks a release from custody.  Because the Petition

presents purely legal questions, and because the exhibits reflect Petitioner's detention is

presumptively reasonable at this time, the Court will dismiss the Petition without prejudice to

refiling.

*I.  Background*

Petitioner is an immigration detainee at the Otero County Processing Center (OCPC) in

---

[1]  While the form *pro se* Petition names the detention center, the Court will add the above-mentioned parties as Respondents in this case.  *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

Chaparral, New Mexico.   He was detained on September 16, 2025 at a Weigh Station operated by the Federal Motor Carrier Safety Administration (FMCSA).   (Doc. 1) at 4, 6.   The Petition alleges the Weigh Station inspector did not conduct an appropriate evaluation under FMCSA guidelines regarding Petitioner's language proficiency.   *Id.* at 6.   Instead, the Weigh Station inspector contacted Immigration and Customs Enforcement (ICE) officers, who detained Petitioner.   *Id.*

After his arrival at OCPC, Petitioner appeared before the Otero Immigration Court.   The Immigration Court entered a removal order on January 6, 2026.   (Doc. 1) at 4, 25.   Petitioner states he did not file an appeal with the Board of Immigration Appeals (BIA), and the removal order is now final.   *Id.* at 4, 22 (reflecting that the last day to appeal the removal order was February 5, 2026).

In the instant Petition, Petitioner seeks a release from immigration custody and an opportunity to continue prosecuting his asylum petition.   (Doc. 1) at 7.   The Petition includes one ground for relief.   *Id.* at 6. Ground one states Petitioner's detention is unconstitutional because the Weigh Station inspector called ICE officials, rather than evaluating Petitioner's language proficiency pursuant to FMCSA regulations.   *Id.* at 6.

II.   *Standard of Review*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).   Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).   Courts conduct an initial review of *pro se* habeas petitions to determine whether the claims raise a colorable request for

relief.  *See* Habeas Corpus Rules 1, 4. "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the Judge must dismiss the petition."  Habeas Corpus Rule 4(b).  "If the petition is not dismissed, the Judge must order … an answer."  *Id.*

### III.  Analysis

Where, as here, the Petitioner is subject to a final order of removal, detention is governed by *Zadvydas,* 533 U.S. at 682 and 8 U.S.C. § 1231.  The Government is expected to secure a noncitizen's removal within 90 days after issuing the removal order.  *Zadvydas,* 533 U.S. at 682; *see also* 8 U.S.C. § 1231(a)(1).  "During the 90-day removal period, … [the noncitizen] must be held in custody."  *Zadvydas,* 533 U.S. at 683 (citing Section 1231).  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting a noncitizen's "indefinite detention" would violate due process, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."  *Zadvydas*, 533 U.S. at 690, 699.  The Supreme Court determined that a six-month detention period is presumptively reasonable.  *Id.* at 701.  "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional.  *Id. at* 701.  The remedy for a due process violation under *Zadvydas* is typically release of the petitioner under conditions of supervision. *See e.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Here, the Petition and attached exhibits plainly reflect that Petitioner is subject to the 90-day removal period set forth in 8 U.S.C. § 1231(a)(1)(A).   The documents from the Otero Immigration Court reflect that the immigration judge ordered Petitioner's removal on January 6, 2026, and the removal order became administratively final no later than February 6, 2026.   (Doc. 1) at 9, 11.   The Petition also states there is no appeal pending with the BIA.   *Id.* at 4. Petitioner's detention is therefore presumptively reasonable under Section 1231 and *Zadvydas.*

To the extent the Petition alleges the Weight Station inspector should have evaluated Petitioner's language barrier, rather than calling ICE officials, this argument does not change the analysis regarding detention or the statutory removal period.   (Doc. 1) at 6.   Moreover, this Court lacks jurisdiction to consider any argument "challenging the [immigration] judge's order" of removal.   *Id.* at 3.   Congress enacted 8 U.S.C. § 1252, known as the "zipper clause," to limit District Courts' jurisdiction over claims challenging removal orders.   *See Jennings v. Rodriguez,* 583 U.S. 281, 316-17 (2018).   Under the zipper clause, District Courts generally lack jurisdiction over "all questions of law and fact" that arise from a removal order, and "[n]either habeas corpus" nor "any other provision of law" can be used to avoid § 1252(b)(9)'s jurisdictional bar.   *Id.* at 317. Hence, the Court cannot vacate the removal order.

IV.   *Conclusion*

Having reviewed the Petition and exhibits, and accepting the allegations as true, Petitioner is not entitled to a release from custody or other writ of habeas corpus at this time.   The Court is also not convinced that it should *sua sponte* invite an amendment based on Petitioner's *pro se* status.   *See Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir. 2007) (when dismissing *pro se* cases on screening, courts should consider whether to invite an amendment or whether "it is obvious the

4

[movant] cannot prevail on the facts he has alleged").   As noted above, Petitioner is subject to detention during the removal period and cannot obtain a release under his legal theory.   The Court will therefore dismiss the Petition (Doc. 1) without prejudice and enter judgment.   Petitioner may re-file his petition after the expiration of the six-month period under *Zadvydas* or if the basis for his claim changes.

IT IS ORDERED:

1.   Petitioner Ariel Alejandro Nunez Mora's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is dismissed without prejudice to refiling.

2.   The Court will enter a separate judgment closing the civil habeas case.

/s/Kenneth J. Gonzales_____ \_\_\_\_\_
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.